








```
RXC    10/4/02    14:17
3:02-CV-01978   HANG V. ASHCROFT
*1*
*PCSO.*
```

ORIGINAL

SOPHEA HANG[1]
A27-747-367
San Diego Detention Center (CCA)
PO Box 439049
San Ysidro, CA 92143-9049

FILED
02 OCT -4 AM 10:19
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHEA HANG,<br>[A27-747-367],<br><br>              Petitioner,<br><br>v.<br><br>JOHN D. ASHCROFT, ATTORNEY GENERAL, UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, AND ADELE FASANO, INS DISTRICT DIRECTOR FOR THE SAN DIEGO DISTRICT,<br><br>              Respondents. | Civil Action No.<br><br>'02 CV 01978 J (AJB)<br><br>PETITION<br>FOR<br>WRIT OF HABEAS CORPUS<br><br>[28 U.S.C. § 2241] |

## INTRODUCTION

Petitioner, Sophea Hang, respectfully applies to the Court for a Writ of Habeas Corpus to remedy his unlawful detention by Respondents.

Petitioner is in the custody of the United States Attorney General, Immigration and Naturalization Service, and the INS District Director for the San Diego District, Adele Fasano (referred to collectively as "INS"). He is detained at the INS contracted detention facility in San Diego, California.

//

---

[1] Petitioner is filing this petition for writ of habeas corpus with the assistance of Jason I. Ser and Federal Defenders of San Diego, Inc., which drafted the instant petition. That same counsel also assisted Petitioner in preparing and submitting his requests to proceed *in forma pauperis* and for appointment of counsel.



## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 2241(c)(1) and (3); Art. I., § 9, Cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is being unlawfully detained pursuant to the INS's misunderstanding of the provisions of 8 U.S.C. § 1231(a)(6). See Zadvydas v. Davis, et. al., 533 U.S. 678, 686-690, 121 S.Ct. 2491, 2497-2498, 150 L.Ed.2d 163 (2001). Moreover, his detention violates the United States Constitution, and laws or treaties enacted or entered into by the United States. See Magana-Pizano v. INS, 152 F.3d 1213 (9th Cir. 1998), amended, 159 F.3d 1217 (9th Cir. 1998) (per curiam), cert. granted, (U.S. Dec. 21, 1998), (No. 98-836), remanded (U.S. Mar. 8, 1999) (No. 98-1011); Goncalves v. Reno, 144 F.2d 110 (1st Cir. 1998), cert. denied,(U.S. Mar. 8, 1999) (No. 98-835). Reno v. American-Arab Anti-Discrimination, __ U.S. __, 119 S.Ct. 936, 943 (1999), makes clear that Petitioner's habeas petition is not barred by 8 U.S.C. § 1252(g).

Venue is proper in this district because Petitioner's removal proceedings were held here, and Petitioner is detained here. See 28 U.S.C. § 2241 et. seq., and 28 U.S.C. § 1391(e).

## BACKGROUND

Petitioner was lawfully admitted into the United States. Petitioner has been ordered removed by the INS as a result of a criminal conviction(s). Because he cannot be removed to his country of origin, he is being held by the INS based on the INS's misunderstanding of its statutory authority to detain non-removable aliens indefinitely under 8 U.S.C. § 1231(a)(6).

Adele Fasano is the District Director of the San Diego District of the INS and administers the immigration laws on behalf of the United States Attorney General in the federal judicial district for the Southern District of California; as such, she has immediate control and custody of Petitioner.

Respondents identify Petitioner as a national of Cambodia. He legally entered the United States. He has been ordered removed to Cambodia and his removal order is final. Respondents' request for a travel document from the government of Cambodia on April 4, 2002 has gone unanswered. See Post Order Custody Review Worksheet for File Review and/or Interview (Attached as Exhibit 6 to Declaration of Jason I. Ser).

## STATUTORY AND REGULATORY FRAMEWORK

Section 1231(a)(2) of Title 8 of the United States Code, which was enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 3, 1996), amended the Immigration and Nationality Act and mandated that certain aliens must be detained during a 90-day removal period, which begins when his order of removal becomes final.

Once the 90-day removal period runs, 8 U.S.C. §§ 1231(a)(3) and (a)(6) govern release/detention of an alien under a final order of removal.

Section 1231(a)(3) sets out the appropriate conditions for release of aliens who cannot be deported within the 90-day removal period:

> Supervision after 90-day period. If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General. The regulations shall include provisions requiring the alien--
> (A) to appear before an immigration officer periodically for identification;
> (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government;
> (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and
> (D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien.

8 U.S.C. § 1231(a)(3) (2001).

Section 1231(a)(6) allows the Attorney General to continue to detain certain individuals beyond the 90-day removal period:

> Inadmissible or criminal aliens. An alien ordered removed who is inadmissible under section 212 [8 USCS §1182], removable under section 237(a)(1)(C), 237(a)(2), or 237(a)(4) [8 USC §1227(a)(1)(C), (a)(2), or (a)(4)] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6) (2001).

The Supreme Court in <u>Zadvydas v. Davis</u>, recently held that 8 U.S.C. § 1231(a)(6), the post-removal-period statute, contains an implicit reasonable time limitation - one that is reasonably necessary to bring about an alien's removal from the United States - and "does not permit indefinite detention." 533 U.S. at 689. The Court enunciated a period of six months after which time, if the alien is not released, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal."

Id. at 701; see also Ma v. Ashcroft, et. al., 257 F.3d 1095, 1102, n.5 (9th Cir. Jul. 27, 2001) ("in Zadvydas, the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of six months after a final order of removal -- that is, three months after the statutory removal period has ended") (citation omitted).

Where the INS cannot demonstrate that a "significant likelihood of removal [exists] in the reasonably foreseeable future," the INS must release the alien from custody. Zadvydas, 533 U.S. at 699-700. "In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances." Id.

## RESPONDENTS' STATUTORY VIOLATIONS

The INS's continued detention of Petitioner beyond the post-removal-period enunciated in Zadvydas, supra, violates §1231(a)(6) because, given that Cambodia has not issued travel documents for Petitioner's return, there is "no significant likelihood of removal." Zadvydas, 533 U.S. at 700. Therefore, Petitioner must be released under the conditions set out in §1231(a)(3). See Zadvydas, 533 U.S. 700-701.

## REQUESTED RELIEF

Petitioner requests that this Court order the INS to release him from custody under the conditions of supervision set out in 8 U.S.C. §1231(a)(3), consistent with the Supreme Court's holding in Zadvydas, supra, as well as the Ninth Circuit's recent holding in Ma, supra.

Respectfully Submitted,

Dated: 7-17-02

SOPHEA HANG
Petitioner

4

# CIVIL COVER SHEET

**ORIGINAL**

JS-44 (Rev. 07/89)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED 02 OCT -4 AM 10:20 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

## I (a) PLAINTIFFS
HANG
A 27-747-367
CCA
PO Box 439049
San Ysidro CA 92143

## DEFENDANTS
IMMIGRATION AND NATURALIZATION SERVICE
c/o PATRICK O'TOOLE, U.S. ATTORNEY
ATTN: Samuel Bettwy, Assistant U.S. Attorney
880 Front Street
San Diego, CA 92101-8893

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN) '02 CV 01978 J (AJB)
PATRICK O'TOOLE, U.S. Attorney
Samuel Bettwy, Assistant U.S. Attorney
880 Front Street
San Diego, CA 92101-8893

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION

Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

Prisoner Petitions: ☒ 530 General / Habeas Corpus

## VI. ORIGIN
☒ 1 Original Proceeding

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY: NO

DATE: 07/17/02
SIGNATURE OF ATTORNEY OF RECORD