USDC SCAN INDEX SHEET

















RXC    10/4/02    14:19
3:02-CV-01978   HANG V. ASHCROFT
*4*
*DECL.*

```
1  SOPHEA HANG
   A27-747-367
2  San Diego Detention Center (CCA)
   PO Box 439049
3  San Ysidro, CA 92143-9049
```

FILED

02 OCT -4 AM 10: 19

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

```
4

5

6

7
```

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

```
10  SOPHEA HANG,                   Civil Action No. '02 CV 01978 J (AJB)
    [A27-747-367],
11
                    Petitioner,
12
13        v.                       DECLARATION OF JASON I. SER;
                                    EXHIBITS
    JOHN D. ASHCROFT, ATTORNEY
14  GENERAL, UNITED STATES
    IMMIGRATION AND
15  NATURALIZATION SERVICE, AND
    ADELE FASANO, INS DISTRICT
16  DIRECTOR FOR THE SAN DIEGO
    DISTRICT,
17
                    Respondents.
18
```

19  I, Jason I. Ser, declare:

20          1.      I am an attorney with Federal Defenders of San Diego, Inc., and am licensed to practice

21  law before the courts of the State of California, and the United States District Court for the Southern

22  District of California.

23          2.      Federal Defenders of San Diego, Inc., is ready and able to assist this Petitioner in his

24  petition for writ of habeas corpus.

25          3.      I monitor INS indefinite detainee litigation in other Ninth Circuit districts, and I am in

26  frequent contact with other federal defender offices involved with this litigation.  District courts appointed

27  the federal defender offices to represent INS indefinite detainees, as a matter of course, in the following

28  districts: the Western and Eastern Districts of Washington, the District of Oregon, the Eastern

1  and Central Districts of California, and the District of Nevada.

2      4.    In two instances, pursuant to an application and an emergency motion, the Ninth Circuit

3  ordered Federal Defenders of San Diego, Inc., appointed as counsel of record on appeal of petitions for

4  writs of habeas corpus denied by district courts for the Southern District of California. See Ly v. INS,

5  Case No. 00-55439 (9th Cir. Apr. 10, 2000)(Attached as Exhibit 1 hereto); Mando v. INS, Case No. 99-

6  56529 (9th Cir. Oct. 13, 1999)(Attached as Exhibit 2 hereto).

7      5.    In one instance, the Ninth Circuit ordered the district court for the Southern District of

8  California to appoint counsel for petitioner whose retained counsel withdrew from representation in the

9  district court subsequent to the conclusion of habeas proceedings. See Sladariu v. Fasano, Case No. 99-

10  56534 (9th Cir. Nov. 22, 1999)(Attached as Exhibit 3 hereto).

11      6.    Several District Court Judges for the Southern District of California appointed Federal

12  Defenders of San Diego, Inc., as attorneys for petitioners filing similar petitions challenging their

13  indefinite detention by the INS.  These Judges include the Honorable Irma E. Gonzalez, the Honorable

14  Napoleon A. Jones, Jr.,  the Honorable M. James Lorenz, the Honorable Jeffrey T. Miller and the

15  Honorable Barry T. Moskowitz.  See e.g., Gebru v. INS, Case No. 01CV0625-JM (POR) (S.D. Cal. Jul.

16  11, 2001) (appointed Federal Defenders of San Diego, Inc., as counsel for similarly situated petitioner in

17  INS custody); Sahagian v. INS, et. al., Case No. 01CV066-BTM (RBB) (S.D. Cal. May 18, 2001) (same).

18      7.    The Honorable Judge Gonzalez appointed Federal Defenders of San Diego, Inc., as

19  counsel for a similar petitioner ,who successfully challenged his detention by the INS, in "the interests of

20  justice" and as permitted under 18 U.S.C. § 3006(A)(a)(2)(b).  Hanna v. INS, et. al., Case No. 01CV0382-

21  IEG (JFS) (S.D. Cal. Apr. 26, 2001) (Order Granting Petitioner's Request for Appointment of Counsel).

22      8.    The Honorable Judge Jones has appointed Federal Defenders of San Diego, Inc., as

23  counsel in identical habeas proceedings on bases that have included a petitioner's financial eligibility, a

24  petitioner's likelihood of success on the merits of the petition, the complexity of the legal issues involved

25  in light of the petitioner's lack of education or limited proficiency in English and the petitioner's need for

26  assistance to obtain discovery from the INS.  See Chaydy, et. al., v. INS, et. al., Case No. 00CV1687-J

27  (JAH) (S.D. Cal. Sept. 1, 2000) (Order Granting Motion For Appointment of Counsel); Aphayavong, et.

28  al., v. INS, et. al., Case No. 00CV0804-J (LAB) (S.D. Cal. June 22, 2000) (Order Granting Motion For

1  Appointment of Counsel); see also Cao, et. al., v. INS, et. al., Case No. 00CV1991-L (JAH) (S.D. Cal.

2  Oct. 10, 2000) (appointing counsel given petitioners' likelihood of success on the merits of the petition,

3  complexity of the legal issues involved and the need for assistance in discovery matters).

4  　　　　9.　　　Several District Court judges for the Southern District of California have ordered

5  hearings and oral argument on the merits of identical petitions for writs of habeas corpus also filed by

6  non-removable aliens challenging their indefinite detention by the INS.

7  　　　　10.　　Despite the Supreme Court's decision in Zadvydas v. Davis, et. al., 533 U.S. 678, 121

8  S.Ct. 2491, 2505, 150 L.Ed.2d 653 (Jun. 28, 2001), the INS continues to detain non-removable aliens in

9  the Southern District of California despite expiration of the 180-day post-removal-period in some cases.

10  The INS even promulgated federal rules and regulations regarding the continued detention of non-

11  removable aliens subject to final orders of removal. See Continued Detention of Aliens Subject to Final

12  Orders of Removal, 66 Fed. Reg. 56967 (Nov. 14, 2001) (to be codified at 8 C.F.R. pts. 3 and 241).

13  Federal Defenders of San Diego, Inc., currently assists, represents or is preparing to initiate habeas

14  proceedings on behalf of these aliens. See e.g., Zakaria v. INS, Case No. 02CV0202-JM (LAB) (S.D. Cal.

15  Feb. 26, 2002) (Order Granting Motion for Appointment of Counsel).

16  　　　　11.　　The INS currently detains Ethiopian national Girmai Fitwi. Mr. Fitwi entered INS

17  custody on August 29, 2001 and received a final order of removal on September 18, 2001. See Post Order

18  Custody Review Worksheet for File Review and/or Interview (Attached as Exhibit 4 hereto). The 180 day

19  post-removal-period enunciated by the Supreme Court in Zadvydas expired on or about March 17, 2002.

20  Id. Nevertheless, as of the filing of the instant declaration, Mr. Fitwi remains in INS detention beyond the

21  180-day post-removal-period.

22  　　　　12.　　The INS also has detained Cambodian national Kinine Kim since November 19, 2001,

23  despite expiration of the 180 day post-removal-period. See Post Order Custody Review Worksheet for

24  File Review and/or Interview (Attached as Exhibit 5 hereto). Mr. Kim's order of removal was final on

25  January 17, 2002. Id. Thus, the removal period expired on or about July 16, 2002. Id. As of the filing of

26  the instant declaration, Mr. Kim remains in INS detention beyond the 180-day post-removal-period.

27  　　　　13.　　Mr. Hang too, is one of several non-removable aliens currently in INS custody in the

28  Southern District of California who Federal Defenders of San Diego, Inc., is assisting in challenging the

3

1  lawfulness of his detention subsequent to the expiration of the 180-day post-removal-period enunciated by

2  the Supreme Court in Zadvydas.  See also Ma v. Ashcroft, et. al., 257 F.3d 1095, 1102, n.5 (9th Cir. Jul.

3  27, 2001) ("[I]n Zadvydas, the Supreme Court read the statute to permit a 'presumptively reasonable'

4  detention period of six months after a final order of removal -- that is, three months after the statutory

5  removal period has ended.").

6      14.    I have spoken and corresponded repeatedly with Sophea Hang.

7      15.    Mr. Hang entered INS custody on March 19, 2001.  See Post Order Custody Review

8  Worksheet for File Review and/or Interview (Attached as Exhibit 6 hereto).

9      16.    An immigration judge ordered Mr. Hang removed from the United States to Cambodia

10  on February 28, 2002.  Id.

11      17.    The order of removal became administratively final that day given the waiver of appeal

12  by Mr. Hang.  See id.; 8 C.F.R. § 241.1(b).

13      18.    Mr. Hang currently is detained by the INS in the Southern District of California.  See

14  Exhibit 6.

15      19.    The 180-day post-removal-period enunciated by the Supreme Court in Zadvydas, supra,

16  expired on or about August 27, 2002.

17      20.    Mr. Hang's formal education is limited as he only received his GED while in state

18  custody.

19      21.    Mr. Hang has no legal education, training or background.

20      I declare under penalty of perjury that the foregoing is true and correct, executed on August

21  29, 2002, in San Diego, California.

22

23  Jason I. Ser

24

25

26

27

28

4

Exhibit 1

UNITED STATES COURT OF APPEALS

FILED

FOR THE NINTH CIRCUIT

APR 1 0 2000

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

HIEP LY,

        Petitioner-Appellant,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,

        Respondent-Appellee.

No. 00-55439

DC# CV-99-2220-TJW
Southern California

ORDER

Before: Peter L. Shaw, Appellate Commissioner

Appellant's motion for appointment of counsel is granted. *See* 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The court hereby appoints Jason I. Ser, Esq., Federal Defenders of San Diego, 225 Broadway, Suite 900, San Diego, California 92101, phone: 619-234-8467, as counsel of record for appellant.

The Clerk shall serve this order on appellant individually at: Hiep Ly, A25-318-333, INS Detention Facility, 1115 North Imperial Avenue, El Centro, CA 92243.

The previously established briefing schedule shall remain in effect.

*Peter L. Shaw*

General Order 6.3(e)

S:\MOATT\Cmsbords\K.00\mc\00-55439.wpd

Exhibit 2

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 1 3 1999

CATHY A. CATTERSON CLERK
U.S. COURT OF APPEALS

---

ROBERT DISHO MANDO,

    Petitioner-Appellant,

    v.

IMMIGRATION AND
NATURALIZATION SERVICE,

    Respondent-Appellee.

No. 99-56529

DC# CV-99-1546-BTM
Southern California

ORDER

---

Before: Peter L. Shaw, Appellate Commissioner

    Appellant's motion for appointment of counsel is granted. *See* 18 U.S.C.

§ 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Todd W.

Burns, Esq., Federal Defenders of San Diego, Inc., is appointed as appellant's

counsel of record.

    The briefing schedule established previously remains in effect.

*Peter L. Shaw*

General Order 6.3(e)

S:\MOATT\Cmshords\10.99\ijt\99-56529.wpd

Exhibit 3

UNITED STATES COURT OF APPEALS FILED

FOR THE NINTH CIRCUIT

NOV 22 1999

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAMIAN HARDIE; BENJAMIN SLADARIU, | No. 99-56534 |
| Petitioners-Appellants, | DC# CV-99-629-IEG Southern California |
| v. | ORDER |
| ADELE J. FASANO, District Director, | |
| Respondent-Appellee. | |

Before: WALLACE and T.G. NELSON, Circuit Judges

Appellant Damian Hardie's motion to withdraw his appeal is granted. This appeal is dismissed only as to appellant Hardie.

Appellant Benjamin Sladariu's motion for in forma pauperis status is granted. The Clerk shall change the docket to reflect appellant's in forma pauperis status for this appeal.

The motion of Gina Darvas, Esq., to withdraw as retained counsel for appellant Benjamin Sladariu is granted.

Appellant Benjamin Sladariu's motion for appointment of counsel is granted. Counsel will be appointed by separate order.

The Clerk shall serve a copy of this order on Magistrate Judge Louisa S. Porter, U.S. District Court for the Southern District of California, 940 Front Street, Suite 1140, San Diego, California 92101-8925, who will locate appointed counsel. Magistrate Judge Porter may wish to consider that Jason I. Ser, Esq., of Federal Defenders of San Diego, Inc., has expressed willingness to accept this appointment. The district court shall provide the Clerk of this court with the name and address of appointed counsel within 14 days of locating counsel.

Appellant Benjamin Sladariu's opening brief and excerpts of record are due January 18, 2000; appellee's brief is due February 17, 2000; the optional reply brief is due within 14 days after service of appellee's brief.

Exhibit 4

**Detainee Name:** FITWI, Girmai Shibeshi     **Date of Birth:** 1/20/62     **"A" Number:** 27 281 658

**AKAs:** None known.               **BOP Number:** P-66576 (CDC)

**Country of Birth:** Ethiopia          **Citizenship:** Eritrea

**Date of Arrival:** 4/5/1984          **Place of Arrival:** New York, New York

**Manner of Arrival:** Refugee         **Last Date into INS Custody:** 8/29/2001

**Entered INS Custody from:**     ☒     **Local, State, or Federal Institution**
                                  ☐     **Other**

**Location:** **R.J. DONOVAN CORRECTIONAL FACILITY** **Institution Number:** P-66576
San Diego, CA.

**Immigration History:** (Prior INS arrest[s]/parole/bond/custody information)

Describe: FITWI entered the United States as a Refugee on 4/5/1984, at New York, New York, and then adjusted status to that of a Permanent Resident Alien at Phoenix, Arizona on 8/9/1985, with such status granted retroactive to his entry.

He was then placed into Removal Proceedings on service of a Notice to Appear (Form I-862) on 8/29/2001.

He was ordered Removed from the United States to Eritrea by the Immigration Judge on 9/18/2001. He waived appeal rights of that decision by the IJ, and was rendered to be under a Final Order of Removal.

He was provided a Notice of File Custody Review under Guidelines for 8 C.F.R. Section 241.4 of the INA, on 2/21/2002, via personal service.

**Deportation Officer:** DICKERSON          **Date of Review:**     3/25/2002

**Location Detained:**     Corrections Corporation of America, Inc.
San Diego Detention Facility
446 Alta Road
San Diego, CA., 92143

**Deportation/Exclusion/Removal Proceedings**

List all Charges:   ☒   Section 237 (a) (2) , (A) , (iii) of the INA, as amended.
                    ☐   Section 212 (a)          ,      ,
                    ☐   Section 241              ,      ,

☒   Under <u>Final Order</u> dated <u>09/18/2001</u>  by ☐ IJ  ☐ BIA  ☐ Other

☒   Appeal Waived/Appeal Time Elapsed

**Travel Document Status/History:**

New application forms were obtained from the Government of Eritrea on 12/7/2001, which allows for expedited application.

He was interviewed on 12/10/2001, to allow him to complete the application documents, and to provide him opportunity to provide the names and contact information and/or verification of Eritrean identity for attachment to the Eritrean application.

He completed the written form, but was unable to provide the names of any persons whom he may know who are citizens of Eritrea, or who might assist him to verify his citizenship.

Application to the Government of Eritrea was rendered without references on 12/11/2001, to Mr. Redie, of the San Diego Eritrean representatives office.

On 12/13/2001, the application packet was returned to the INS. And Mr. Redie explained that FITWI would have to fill out a new application for lost Eritrean Identification to be sent to Washington, DC.

On 12/21/2001, FITWI was brought to San Diego District for the express purpose of completing a telephonic interview with the Consular representative of Eritrea. Mr. Redie advised FITWI that he would have to provide a minimum of three (3) witnesses from Eritrea to verify his identity before he could issue a removal document. He was unable to provide a valid witness to Mr. Redie.

On 1/17/2002, Mr. Redie discussed this case with Deportation Officer James Orrell, and stated that he could not issue a travel document until FITWI produced the three mandatory witnesses to speak for him.

Mr. Redie stated further that he believed FITWI to be a citizen and national of Eritrea, but he still had to meet the application minimum requirements, including the 3 witnesses. Mr. Redie further suggested that Officer Orrell contact the Ambassador and plead the case on behalf of FITWI.

On 1/18/2002, an attempt was made to contact the Ambassador of Eritrea. A lengthy message was left on the answering machine regarding the FITWI case.

On 2/1/2002, Officer Orrell spoke with the Consul General, Mr. Abraham, in Washington, DC, and was advised that until such a time as FITWI obtained and presented the three witnesses to identify him, no travel or other identity document was going to be issued from the Government of Eritrea.

Headquarters assistance was requested in this case via Express Mail on 2/20/2002.

Embassy contact in this case is anticipated to occur during the week of 4/4/2002–4/8/2002, by Headquarters INS Travel Document Staff Officers.

---

## Legal Representative / Attorney

**G-28 Filed:** ☐ Yes  ☒ No

**Notification of Interview Made:** ☐ Yes  ☐ N/A  by:  on:

**Name of Representative / Attorney:**

**Mailing Address:**  **Telephone Number:**

**Present during interview:** ☐ Yes  ☐ No

## Criminal History

**Outside the United States:**   None discovered.
(specify nature of crime, whether convicted, sentence imposed, date, and country)

**In the United States:**         See below listing.

**NCIC Checks:**          ☒ Criminal History Attached          ☐ No record Found
                            (State and Federal)

       **Summary of NCIC Checks:**   His criminal history is provided in reverse order to date of conviction, as follows:

**Convicted 1/4/2000, in Superior Court, Los Angeles, CA under case BA190692,** for the offense of assault with a deadly weapon, not a firearm, with great bodily injury likely to result, in violation of Section 245(a)(1) of the California Penal Code (PC), and for which he was then sentenced to serve a term of four (4) years in State Prison.

He got into an argument while in a local bar, and approached the victim as he was leaving the bar later in the night, and **stabbed his victim in the stomach with a knife.**

**Convicted 6/2/1998, in Municipal Court, Los Angeles Metro, Los Angeles, CA., under case 8CR25510-01,** for the offense of battery, a misdemeanor, in violation of Section 242 PC, and for which he was then sentenced to serve 24 days in Jail, and placed under 24 months Probation.

**It is noted that the original charge at time of arrest was for that of assault with a caustic chemical.**

**Convicted on 3/31/1988, in Municipal Court, Los Angeles Metro, under case 88R15709,** for the offense of fraudulent use of telephone/telegraph, etc., a misdemeanor, in violation of Section 484(E)(3) PC, and for which he was then sentenced to serve 90-days in County Jail.

**Convicted on 12/6/1993, in Superior Court, Los Angeles Central, under case A962422,** for the offense of possession of narcotic controlled substances, in violation of Section 11350a of the California Health and Safety Code, and for which he was then sentenced to serve 161 days in County Jail, and placed under 36 months Probation.

**It is noted that he was initially arrested in this case on 1/6/1988, and proceedings were suspended on his being placed under a diversionary program. He then failed to comply with terms imposed relative to Diversion, and proceedings were again instituted for the offense.**

**Convicted on 12/23/1986, in Municipal Court, Los Angeles Metro Division,** for the offense of assault with a deadly weapon, not a firearm, in violation of Section 245(a)(1) PC, and for which he was then sentenced to serve 37 days in Jail, and placed under 24 months Probation.

His California Arrest History (CII RAP A08391041) denotes a total of twelve (12) arrests for assaultive behavior toward persons, including the cases above in which he was convicted. In the majority of the cases, they were dismissed "in furtherance of Justice."

He also had two (2) arrests for armed robbery, which were also dropped in furtherance of Justice.

---

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**   ☒ Yes   ☐ No

If Yes, List & Describe:   He suffered disciplinary actions while incarcerated with the State of California as follows:

1. 9/27/2000: Failure to Report as required. He suffered a 30 day loss of privileges for failing to participate in a mandatory training program, which it was determined that he mentally incompetent on an educational level which caused him to have attention problems during lengthy class attendance.

2. 11/27/2000: loss of 5 days privileges for smoking in the Day Room, a violation of rules and regulations.

3. 12/9/2000: loss of 30 days work credit, and loss of 30 days privileges, for offense of rules and regulations violation, smoking in the Housing Unit.

4. 3/22/2001: Assessed 40 hours of extra duty for offense of rules and regulations, by smoking in the Day-room floor in front of the shower.

5. 4/7/2001: Assessed 40 hours of extra duty for rules and regulations violation, by maintaining a proscribed sculptured mustache that continued down around his chin.

It is noted that he was not involved in any fights or other acts of violence while incarcerated in State Prison.

Source:   Provided by California Department of Corrections.

**Disciplinary reports and Incidents while in INS Custody?**   ☐ Yes   ☒ No

If Yes, List & Describe:

## Specifics of Interview

**Date of File Review:**     3/25/2001

**Date of Detainee Interview:** None at this time.

**Location of Interview:**

**Interviewing Officer:#1:**

                #2:     (optional)

**Interpreter Used:**  ☐ Yes     ☐ No     Name:
**Language/Dialect:**

---

**Does the detainee have a place to live in the United States?**     ☐ Yes     ☒ No

    Address:     He is currently a transient, and his only recourse to lodging is through his Parole Officer in Los Angeles, CA.

**Is the detainee subject to any parole or probation requirements?**     ☒ Yes     ☐ No

    Describe:     He is currently on conditions of Parole with the State of California, at Los Angeles under case BA1909692, to Region 3, with an anticipated discharge date of 11/26/2004.

**Does the detainee have close family ties within the United States?**     ☐ Yes     ☒ No

    Describe:     He has only one surviving brother in the United States who resides at an unknown location in the Atlanta, Georgia area.

**Does the detainee have any community ties or non-governmental sponsors?**

                ☐ Yes     ☒ No

    Describe:     He is unable to provide the names of any friends or family members who are willing to assist him in his current predicament.

**Does the detainee have any employment prospects?**     ☐ Yes     ☒ No

    Describe:

**What is the detainee's employment history?**

    Describe:     His pre-sentencing evaluation reflects that he has no known special skills and has worked as a bus-boy and taxi-driver prior to his last arrest.

**What is the detainee's educational level?**

Describe: CDC pre-sentencing report indicates a claimed 4th grade level of education.

**Does the detainee have any vocational training?**

Describe: None known/none claimed.

## Medical/Psychological Concerns

**Medical/Psychological Report / Summary:** ☒ Attached ☐ None ☐ Not Available

**Date and Source: Records provided by CDC indicates that he has limited mental health deficiencies.**

**Other documentary evidence for consideration in this review:**

No additional documentary evidence was provided for purposes of this Review.

He was provided a Notice of File Custody Assessment Review and given 30-days in which to submit additional materials for consideration by the District Director, and elected not to do so.

## Discussion at Interview

**Notes:** No personal interview was conducted for purposes of this Review. Statements rendered in Court are considered to remain "fresh" at this time.

The INS detainee was found ☐ **CREDIBLE** ☐ **NOT CREDIBLE**

**Explain:**

Not addressed. No personal interview was conducted at this time.

## Officer Comments/Analysis & Recommendation

This inmate was arrested and placed into proceedings upon release from State Prison after he completed approximately ½ of a 4-year sentence for assault with a deadly weapon with intent to cause grievous bodily injury. His pre-sentencing Probationary Report reflected that he got into an altercation with his victim in a bar. He then left, and later met the victim as the victim departing the bar. He then stabbed his victim in the stomach in an attack with a knife.

He has approximately 12 arrests for violence against persons, most of which were dismissed by the Court in interest of Justice.

He was also arrested twice for armed robbery, with both cases being dropped in interest of Justice.

He has been convicted of a Felony drug possession offense, and has been arrested on at least three occasions for theft related offenses.

The nature of his offenses has primarily involved crimes of violence, and appear to be ascending in degree of seriousness.

While incarcerated in State Prison, he was subject to five (5) disciplinary actions resulting in loss of good time or in imposition of additional work duties. All involved rules and regulations violations, and did not involve fighting or assaultive behavior.

He has a history of failures to abide by conditions of release on Probation and/or Diversion, after conviction for crimes involving theft, assault, and drug possession.

He provides no record of efforts at rehabilitation. He was unable to complete mandatory educational programs while incarcerated in State Prison, and which were cause for at least two of his disciplinary actions of failure to report to educational assignments.

He has no prior Immigration arrest history to date.

He is from a country that will issue removal travel documents upon completion of the required application criteria. Those include completion of a multiple page Passport application, participation in a face-to-face interview with the local representative of the Government of Eritrea, and providing his Passport, Birth Certificate, or if he does not have either of those documents, then providing copies of Eritrean identification and contact information for three citizens of Eritrea who hold valid Eritrean identification documents themselves, and who are willing to provide an attestation as to his identification and nationality to the Government of Eritrea.

He completed the mandatory application form, and completed the face-to-face interview with the Consular representative in San Diego. He was unable to provide a Passport or original Birth certificate from Eritrea.

In an attempt to provide sources to identify him, he provided only a statement that he has two brothers in the United States, but does not know where they might be.

He disavows having any other relatives or friends in the United States who are from Eritrea.

No contact information was provided for either of his claimed brothers. One of the brothers is thought to be dead.

His application for a travel document is at this time at a stand-still, because the Consul General of Eritrea steadfastly refuses to issue a travel document until he meets all application criteria.

At this time he does not meet criteria for release under Guidelines as provided in 8 C.F.R. Section 241.4, in that he is seen to continue to provide a threat of violence to the community if he is release, based on his criminal history, and there is a significant risk that he will abscond, based on his repeated failures to abide with Probation and Diversion conditions imposed by civil courts, and on his lack of ties and equities in the United States.

Further, the interviewing representative in San Diego has stated his belief that FITWI is in fact from Eritrea based on his language use and responses during the personal interview, but is unable to intercede to issue a travel document.

This case has been referred to Headquarters INS Operations, Travel document Unit, and is awaiting a meeting with the Ambassador Staff to the Embassy of Eritrea during the immediate future. It is still believed that Department of State pressure can be brought to bear in this case that will cause a removal travel document to be issued in the foreseeable future.

I recommend continued detention at this time to facilitate continued efforts at obtaining a travel document. Delay in issuance is caused only by the fact that he claims to be unable to provide the names of three Eritrean citizens who can attest to his identity and nationality.

Interviewing Officer #1: _____    Date: 3/25/2002

Reviewed by: _____    Date: 3/26/2002

# DISTRICT DIRECTOR'S CUSTODY DETERMINATION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

      Bond Amount: _____

☑ CONTINUE IN CUSTODY / SCHEDULE FOR REVIEW IN SIX MONTHS

Comments (attach additional sheet(s) if necessary):

INS District Office: _____San Diego, CA_____

Signature of District Director: _____ Date: 3/12/0~

(Final 12/21/2000)



SND 50/14.6  §241a

District Director
*Detention and Removal Program*

880 Front Street, Room 2242
*San Diego, CA., 92101*

Girmai Shibeshi FITWI
C/O Corrections Corporation of America, Inc. (CCA)
San Diego Detention Center
446 Alta Road #5400
P.O. Box 439049
San Diego, CA., 92143

A 27 281 658

# Decision to Continue Detention
# Following File Review

This letter is to inform you that your custody status has been reviewed by the Immigration and Naturalization Service (INS) and that you will not be released from custody at this time.

This decision was based on a review of your file record and consideration of information you submitted to INS' reviewing officials.

You are not being released because (attach additional sheets if necessary):

**Your removal from the United States at this time has been determined to be imminent and impending. You are continued in detention in order to effectuate your removal to Eritrea. The Government of Eritrea has been demonstrated to issue on provision of a complete and meaningful application for a travel document, and Headquarters INS Travel Document Unit has stated an intent to seek Department of State assistance in your case to compel issuance of a removal document in the foreseeable future.**

In the event that you are not removed from the United States within a reasonable period of time, the INS will conduct another review of your custody status following a proper notice. It is in your best interest to maintain proper behavior while awaiting this review. If you have any questions please contact: <u>James K. Dickerson, Deportation Officer</u> at:

(Officer Name)

<u>Immigration and Naturalization Service, Detention and Deportation, 880 Front Street, Room 2242, San Diego, CA., 92101</u>

(Address)

_____
Signature of District Director/Designated Representative

_____
Date

Print Name, Title and Location: ___<u>Hector Najera, Assistant District Director, for Detention and Deportation, San Diego, CA</u>

**\*\*\*All further decisions in this case regarding continued detention or release will be rendered by the Executive Associate Commissioner, HQ DRO/OPS, PDU, Washington, DC.**
(Page 1 of 2)



A/A
20U

HQPDU
*Washington, DC 20536*

A27 281 658

Girmai Shibeshi Fitwi
San Diego District Office
San Diego Detention Facility
880 Front Street
San Diego, CA 92101

## Decision to Continue Detention

The Immigration and Naturalization Service ("INS") has reviewed your request for release from detention pending your eventual removal from the United States. Based upon evidence in your administrative file as well as information contained in the record, your request is denied, although without prejudice to your ability to submit additional evidence in the future to demonstrate a good reason to believe that repatriation to Eritrea is not likely in the foreseeable future.

You are a native and citizen of Eritrea, who was admitted as a refugee to the United States on April 5, 1984. You adjusted status to that of a legal permanent resident on August 9 1985. Your criminal history denotes a total of 12 arrests for assaultive behavior. You were most recently convicted for the offense of assault with a deadly weapon. You were served with a Notice to Appear on August 29, 2001. An immigration judge ordered you removed from the United States on September 18, 2001. You did not file any appeals with the Board of Immigration Appeals contesting this decision.

Generally, it is the experience of the INS that it is able to carry out removal of Eritrean nationals. In Fiscal Year 2001, the INS successfully repatriated five nationals to Eritrea. Efforts are also being taken to obtain a travel document from the Israeli government as well.

This denial, however, does not preclude you from bringing forth evidence at anytime in the future to demonstrate a good reason to believe that your removal is unlikely. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with the Service's efforts to remove you by taking whatever actions the Service requests to effect your removal.

You are also advised that any willful failure or refusal on your part to apply in good faith for travel documents, or any actions or conspiracy on your part with others to obstruct the issuance of travel documents, may subject you to criminal prosecution under 8 U.S.C. § 1253(a).

For the reasons indicated, the Service denies your application for release.

_____
Signature of HQPDU Director/Designated Representative

MAY 16 2002
_____
Date

Exhibit 5

**Detainee Name:** KIM, Kinine   **Date of Birth:** 1/27/1980   **"A" Number:** 25 289 140

**AKAs:**   **BOP Number: CDC: P-082127**

**Country of Birth:** THAILAND   **Citizenship:** CAMBODIA

**Date of Arrival:** 10/1/1981   **Place of Arrival:** San Francisco, CA

**Manner of Arrival:** Refugee   **Last Date into INS Custody:** 11/19/2001

**Entered INS Custody from:**   ⊠   **Local, State, or Federal Institution**
☐   **Other**

**Location: R.J. DONOVAN CORRECTIONAL FACILITY   Institution Number: P-92127**
San Diego, CA.

**Immigration History:** (Prior INS arrest[s]/parole/bond/custody information)

Describe:   Kinine KIM entered as a Refugee from Thailand on 10/1/1981, via the Port of Entry at San Francisco, CA.

He then adjusted status to that of Permanent Resident Alien at San Diego, CA., on 2/10/1983, with that status awarded retroactive to his date of entry.

He was located in California State Prison, and an INS hold was placed on 7/5/2000, to remand him to Federal custody upon Parole from prison.

He was entered into Removal Proceedings on service of a Notice to Appear (Form I-862) on 11/19/2001.

He was ordered deported/removed to Cambodia by the Immigration Judge on 1/17/2002. He waived all rights to appeal of that decision on the date of the order by the IJ, and was then determined to be a Final Order of Removal.

He was provided a Notice of File Custody Review by personal service on 2/11/2002.

---

**Deportation Officer:** DICKERSON   **Date of Review:**   4/9/2002

**Location Detained:**   Corrections Corporation of America, Inc.
San Diego Detention Facility
446 Alta Road
San Diego, CA., 92143

**Deportation/Exclusion/Removal Proceedings**

List all Charges:  ☒  Section 237 (a) (2) (A) (iii) of the INA, as amended;
Section 237(a) (2) (C) of the INA, as amended;
Section 237 (a) (2) (A) (ii) of the INA, as amended.

☐  Section 212 (a)          ,          ,
☐  Section 241               ,          ,

☒  Under <u>Final Order</u> dated <u>1/17/2002</u>  by ☒ IJ  ☐ BIA  ☐ Other

☒  Appeal Waived/Appeal Time Elapsed

**Travel Document Status/History:**

An original application for a travel document was effected via Express mail on 1/22/2002, with a return letter from the Consul General on 1/25/2002, to deny issuance on basis of no bilateral agreement being effected between the Governments of the Royal Kingdom of Cambodia and the United States to allow for return of deportees to that entity to date.

On March 22, 2002, the United States and Cambodia signed an agreement to allow for issuance of removal travel documents and to establish a program to effectuate removal of citizens of Cambodia who are under final orders of deportation/removal.

On 4/8/2002, a new application for a removal travel document was effected to the Consulate General with anticipation of issuance within a reasonably foreseeable future, based on the written agreement as signed on March 22, 2002, by representatives of the Government of Cambodia and the United States.

Application for assistance in obtaining a travel document was requested of Headquarters INS, Operations/Travel Document Unit on 4/8/2002, via express mail.

---

# Legal Representative / Attorney

G-28 Filed:  ☐ Yes  ☒ No

Notification of Interview Made:  ☐ Yes  ☐ N/A  by:          on:

Name of Representative / Attorney:

Mailing Address:          Telephone Number:

Present during interview:          ☐ Yes  ☐ No

## Criminal History

**Outside the United States:**   None determined.
(specify nature of crime, whether convicted, sentence imposed, date, and country)

**In the United States:**        See below listing.

**NCIC Checks:**        ☒ Criminal History Attached        ☐ No record Found
                           (State and Federal)

      Summary of NCIC Checks:   Criminal history as maintained on California State Arrest listing (CII A12343084) is provided in reverse chronology, to date of conviction, as follows:

<u>5/24/2000</u>:  Convicted in Superior Court, San Diego, CA., under case SCD 151254 for the offense of Assault with a Firearm upon a Person, in violation of Section 245A(2) of the California Penal Code (PC) and for which he was then sentenced to serve 3-years in State Prison.

Other charges of willful discharge of a firearm in a negligent manner, and being a Felon in possession of a firearm were dismissed on plea bargain.

<u>7/30/1998</u>:  Convicted in Superior Court, San Diego, CA, under case SCD 138000, for the offense of Burglary, 2nd degree, in violation of Section 459 PC, and for which he was then sentenced to serve 180-days in Jail, and placed under 3 years Probation.

**On 11/20/1998, his sentence was amended upward from 180-days in Jail to 364-days in Jail, with the 3-years Probation reinstated at that time.**

His California Department of Motor Vehicles record, under CA DL B7124571, reflects that he was arrested on 6/28/1999, and **convicted on 8/25/1999, for the offense of driving on a suspended/revoked drivers license, and failed to pay a $792 fine assessed by Court,** and was placed under Probation for a period of 3-years.  San Diego County Municipal Court case T210953.

Affiliate of Criminal Street Gang, Oriental Boys (OBS), with Gang moniker of "SPEEDY".

## Institutional / Disciplinary Record

Did the detainee have prior Disciplinary Reports? ☐ Yes ☒ No

    If Yes, List & Describe:

    Source:

Disciplinary reports and Incidents while in INS Custody? ☐ Yes ☒ No

    If Yes, List & Describe:

## Specifics of Interview

**Date of File Review:** 4/9/2002

**Date of Detainee Interview:** None conducted.

---

Does the detainee have a place to live in the United States? ☒ Yes ☐ No

    Address:    3661 35TH Street
                   San Diego, CA 92104

    (619) 284 1989

Is the detainee subject to any parole or probation requirements? ☒ Yes ☐ No

    Describe:    Under conditions of Parole with State of California until approximate discharge date of 11/19/2004.

Does the detainee have close family ties within the United States? ☒ Yes ☐ No

    Describe:    Mother and 6 brothers and sisters; 1-USC child that resides with the child's mother and her parents.

Does the detainee have any community ties or non-governmental sponsors?

        ☒ Yes    ☐ No

    Describe:    He claims that his Mother, Step-father and siblings provide sponsorship if he is released from INS custody.

**Does the detainee have any employment prospects?**  ☒ Yes  ☐ No

Describe:  He claims that he worked for Nazarene College, as a chef, and that he has been told that he will be allowed to return to work in that occupation in that country.

**What is the detainee's employment history?**

Describe:  Worked as Chef for local private college.

**What is the detainee's educational level?**

Describe:  Claims High-school graduate through obtaining GED while in Prison.

**Does the detainee have any vocational training?**

Describe:  Claims training as cook/chef while on the job with a local college.

---

# Medical/Psychological Concerns

**Medical/Psychological Report / Summary:**  ☐ Attached  ☒ None  ☐ Not Available

**Date and Source:**

---

**Other documentary evidence for consideration in this review:**

He provided two (2) personal letters for consideration by the District Director, as follows:

1.  3/18/2002: from Kinine KIM, to express that he does not perceive himself to be a danger to the public if released, and that he is not a flight risk. He asserts that he obtained his GED and enrolled in a vocational rehabilitation program while in RJ Donovan State Prison. He states plans to return to school upon release, and to work part time while doing so. He states that he has an 18-month-old child that he desires to bond with upon release. He expresses remorse of his criminal actions, and petitions for release.

2.  3/19/2002: from Sophianary Chan, his sister, who states that the family misses KIM, and desires him to return to the family as soon as possible. She states intent of the family to assist him to return to the community and to provide financial assistance to help him become productive. She petitions for her brother's release and return to the family.

## Discussion at Interview

Notes: NO INTERVIEW CONDUCTED.

The INS detainee was found ☐ **CREDIBLE**     ☐ **NOT CREDIBLE**

Explain: Credibility was not assessed. No personal interview was conducted.

## Officer Comments/Analysis & Recommendation

The purpose of this review is to provide a custody assessment under Guidelines for Custody Assessment reviews in conformance with 8 C.F.R. 241.6 Guidelines, as articulated in the Rules and Regulations as published on 12/21/2000, in the Federal Register.

This inmate is from Cambodia, and is under a Final Order of Removal as of 1/17/2002.

The Government of Cambodia provided a written statement that no travel document would be issued at time of the response, on 1/25/2002. Basis for the stated failure to issue was that the United States and Cambodia did not have a signed agreement to allow for the acceptance of deportees to Cambodia at that time.

On March 22, 2002, the Governments of Cambodia and the United States signed a treaty to allow for removal of deportable aliens to Cambodia. At this time, the program is being put into place to allow for issuance of travel documents by the Government of Cambodia that will allow KIM to effectuate his removal as ordered by the Immigration Judge.

The Rules and Regulations reflect that a period of six months has normally been accepted as a reasonable time in which to obtain travel documents from an issuing entity.

KIM has been convicted of particularly serious crimes involving violence, specifically for that of assault on a person with a firearm, after being arrested for reckless discharge of a firearm, assault with a firearm on a person, and for being a previously convicted Felon in possession of a firearm, and for which he received a sentence of 3 years in State Prison.

Of the three- (3) year term imposed, he actually served ½ in actual confinement prior to Parole.

He did not have any apparent disciplinary actions while in State Prison. He claims to have actively participated in available programs to seek to rehabilitate him, including school attendance to obtain his GED and attendance in an unspecified training program to enhance his ability to obtain employment upon release.

He previously suffered a conviction for a Felony Burglary, 2nd degree, which resulted in a sentence of 180 days in Jail, with 3 years Probation. On violation of Probation in that case, his sentence was modified to that of 364 days in County Jail.

He has three (3) noted violations of Court orders following conviction in criminal proceedings prior to being sent to State Prison. These reflect that there exists a reasonable assumption of risk of his absconding or failing to abide with conditions of release if he is placed under conditions of an Order of Supervision at this time.

His criminal history appears to have been ascending in degree of seriousness and nature of violence.

In mitigation, he has no known history of escapes while in civil of Federal custody to date.

He has strong equities in the United States through his family, who reside in San Diego, and who petition for his release and return.

He has no known prior Immigration arrest history to date.

His criminal activity occurred over a period of time of two (2) years, and while he was actively associating with members of a Criminal Street Gang, whom he now claims to have divorced himself from.

He has provided cooperation as requested in rendering applications for a removal travel document.

His current application for a removal document or Passport is still pending, and assistance has been requested of Headquarters DRO OPS/Travel Document Unit to seek to expedite issuance in his case. It is anticipated that the issuance will be provided within a reasonable foreseeable future in this case.

RECOMMENDATION:

I recommend that he be continued in detention. I RECOMMEND AN EXTENSION OF 90-DAYS TO THE REMOVAL PERIOD. I further recommend that his case be referred to Headquarters OPS/PDU for tracking and future custody decisions, to be rendered in the event that the INS is unable to remove him within a reasonable time.

Interviewing Officer #1: _____  Date: 4/9/2002

Reviewed by: _____  Date: 4/29/2002

# DISTRICT DIRECTOR'S CUSTODY DETERMINATION

☐     RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐     RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

         Bond Amount: _____

☐     CONTINUE IN CUSTODY.

Comments (attach additional sheet(s) if necessary):

INS District Office:              San Diego, CA

Signature of District Director:            Date:

(Final 12/21/2000)



SND 50/14.6    §241a

District Director                                          *880 Front Street, Suite 2242*
Deportation and Removal Program              *San Diego, California 92101*

*July 15, 2002*

MEMORANDUM FOR:    Thomas Strezishar
                                           HQ/OPS PODU

FROM:                              James K. Dickerson, Deportation Officer
                                          San Diego, California

**SUBJECT:     Request for Assistance to Obtain Removal Document, Government of the Royal Kingdom of Cambodia, in the case of Kinine KIM    A25 289 140**

Kinine KIM is a citizen through birth on January 27, 1980, in Thailand to parents who are citizens and nationals of the Royal Kingdom of Cambodia, and who is under a Final Order of Removal issued by an Immigration Judge on January 17, 2002.

A travel document was requested via Federal Express from the Consulate of Cambodia on January 22, 2002, prior to the signing of the Bi-lateral agreement to allow for repatriation of citizens of Cambodia who are under Orders of Deportation/Removal. The prior application was denied on basis of non-existence of any signed agreement between the Government of Cambodia and the Government of the United States at time of the application.

A new application for a travel document was provided via Federal Express mailing to the issuing Official at the Consulate on April 8, 2002.

KIM'S A File was reviewed in accord with 8 C.F.R. Section 241.6 guidelines on April 17, 2002. He was ordered continued in detention on April 29, 2002, based on his demonstrated violent criminal history of assault and of use of a firearm in reckless disregard, and upon anticipation of issuance of a removal document in the reasonably foreseeable future to effect his removal.

His case was referred to HQ OPS Travel Document Unit on April 4, 2002.

He arrives at the end of that period considered to be "reasonable in which to obtain a travel document..." on July 17, 2002. His continued detention will be determined solely upon the perception of whether or not a travel document can be anticipated to be forthcoming in the reasonably foreseeable future.

Can you please check with the Consulate of Cambodia to determine if a travel document can be anticipated in a reasonable time in this case?

I know that he is represented by the Federal Defender's Office here in San Diego, and anticipate that a Petition for Writ of Habeas Corpus will be filed in the near future on his behalf with the US District Court.


Attachments



**U.S. Department of Justice**
Immigration and Naturalization Service

---

*Office of the District Director*     *880 Front Street, Suite 1234*
                                      *San Diego, CA 92101-8834*

July 8, 2002

MEMORANDUM FOR: FILE

FROM:     James M. Orrell
          Deportation Officer

SUBJECT:    Issuance of Cambodian Travel Documents

On June 3, 2002, I called the Cambodian Embassy in Washington, D.C. to inquire about the issuance of travel documents on Cambodian nationals currently detained in the San Diego District.

Upon speaking to Mr. Ly Touch, the representative who deals with detained, Cambodian nationals, it was explained to me that all requests for issuance of travel documents must be sent through INS Headquarters and would be considered in turn. Mr. Touch went on to explain that the travel document were being produced in Cambodia and would be issued in three stages: 1) issued to the lame, sick and dying; 2) issued to the elderly; 3) issued to everyone else.

Mr. Touch also stated that the travel documents would be issued in groups and that I would have to contact INS/HQ for more information about the repatriation of Cambodian citizens.



**U.S. Department of Justice**
Immigration and Naturalization Service

SND 50/14.6  §241a

District Director

880 Front Street, Room 2242
*San Diego, CA., 92101*

Kinine KIM                                                    A 25 289 140
C/O Corrections Corporation of America, Inc.  (CCA)
San Diego Detention Center
446 Alta Road #5400
P.O. Box 439049
San Diego, CA., 92143

## Decision to Continue Detention
## Following File Review

This letter is to inform you that your custody status has been reviewed by the Immigration and Naturalization Service (INS) and that you will not be released from custody at this time.

This decision was based on a review of your file record and consideration of information you submitted to INS' reviewing officials.

**You are being continued in detention in order to effect your removal from the United States. Your removal is deemed to be imminent and impending at this time.**

The INS will conduct another review of your custody status within 90-days of the date of this notice. It is in your best interest to maintain proper behavior while awaiting this review. If you have any questions please contact: <u>James K. Dickerson, Deportation Officer</u>  at:
(Officer Name)

<u>Immigration and Naturalization Service, Detention and Deportation, 880 Front Street, Room 2242, San Diego, CA., 92101</u>                                    (Address)

_____                          _____
Signature of District Director/Designated Representative                          Date

Print Name, Title and Location:  <u>   Hector Najera, Assistant District Director, for Detention and Removal.</u>

*******A second 90-Day Removal Period is hereby being implemented to effect your removal from the United States, and a second 90-Day File Custody Review will be conducted regarding Continued Detention in your case will be under the jurisdiction of the District Director, effective 90-Days following this decision for continued detention.*****

(Page 1 of 3)

RE: Kinine Kim    A25 289 140

---

## PROOF OF SERVICE

(1)    **Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I _MIGUEL VALLEJO JR._ , _SDEO_ ,

                        Name of INS Officer               Title

certify that I served _KININE KIM_ with a copy of

                     Name of detainee

this document at _CCA_ on _May 8, 2002_, at _1400 hrs_ .

              Institution               Date          Time

(b)    I certify that I served the custodian _MIGUEL VALLEJO JR._ ,

                                         Name of Official

_SDEO_ , at _CCA_ , on

    Title                       Institution

_May 8, 2002_ with a copy of this document.

  Date

### OR

(2)    **Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____ , _____ , certify

             Name of INS Officer                   Title

that I served _____ and the custodian _____

                    Name of detainee                       Name of Official

with a copy of this document by certified mail at _____ on _____

                                        Institution            Date

CC:  Attorney of Record or Designated Representative, per G-28 in File.
CC:  A-File

Continuation Sheet Attachment to Page 1, Notice of Continued Detention
Decision/Extension of Removal Period

RE: Kinine KIM    A25 289 140

You are an Alien who is under a Final Order of Removal, issued by an Immigration Judge
on January 17, 2002. You did not appeal that decision of the Immigration Judge for your
removal to Cambodia.

You are being continued in detention of the Immigration and Naturalization Service based
on the following factors:

You have been determined to present a threat of violence to the community if released
from Immigration custody, in that you were arrested on March 5, 2000, for the offenses of
willfully discharging a firearm in a negligent manner, for being a previously convicted
Felon in possession of a firearm, and for the offense of assault with a firearm upon a
person, and then being convicted in Superior Court, San Diego, California on May 24,
2000, of the crime of assault upon a person with a firearm, in violation of Section 245(a) of
the California Penal Code, and for which you were sentence to serve a term of 3-years in
State Prison.

You were previously convicted on July 30, 1998, in Superior Court, San Diego, California,
for the offense of Burglary, 2nd degree, a Felony, in violation of Section 459 of the
California Penal Code, and for which you were sentenced to serve 180 days in County Jail.

You have been seen to provide a risk of absconding or of failing to abide by terms and
conditions of a release from custody, based on your failure to comply with terms of
Probation as placed against you on July 30, 1998, in Superior Court, San Diego, through
violation of Probation on November 20, 1998, resulting in your receiving a modification of
your sentence to that of 364-days in Jail in lieu of 180-days initially imposed. Further, the
second crime for which you were arrested on March 5, 2000, occurred while you were on
Probation for a prior Felony conviction, as noted above.

A travel document application is pending with the Government of Cambodia at this time,
and has been referred to Headquarters INS, Detention and Removal Operations, Travel
Document Unit, to seek assistance in securing a travel document from the Government of
Cambodia in accord with a recently signed agreement that allows for repatriation of
criminal aliens under orders of deportation to Cambodia. That agreement provides for a
"reasonable period" of six-months in which to obtain a travel document with which to
effect your removal. Your removal is deemed at this time to be imminent and impending.

Exhibit 6

---

**Detainee Name**: HANG, Sophea    **Date of Birth**: 2/5/1952   **"A" Number**: 27 747 367

**AKAs**: HANG, Kalvin    **BOP Number: None   CDC: None to date.**

**Country of Birth**: Thailand    **Citizenship**: Cambodia

**Date of Arrival**: 12/18/1985    **Place of Arrival**: Los Angeles, CA.

**Manner of Arrival**:    **Last Date into INS Custody**: 3/19/2001

**Entered INS Custody from**:    ☒    **Local, State, or Federal Institution**
                                         ☐    **Other**

**Location: San Diego County Jail**    **Institution Number**: 00159876A
             **Central Division**
             **San Diego, CA**

**Immigration History**:  (Prior INS arrest[s]/parole/bond/custody information)

       Describe:  Admitted into United States as a Refugee on 12/18/1985 at Los Angeles, CA., and adjusted status to that of Lawful Admission as Permanent Resident Alien on 10/27/1987, with such status retroactive to his date of entry.

He was then placed into Removal Proceedings on service of a Notice to Appear (Form I-862), on 3/19/2001.

Additional charges were entered in his case to allege that of an Aggravated Felony, for conviction of a vehicle theft with a sentence of 365-days in jail awarded.

His sentence was then reduced in the theft case to that of 364-days in Jail, and rendered to not be an Aggravated Felony, per definition.

Allegations were modified in his case on filing of an amended NTA with the Immigration Court on 10/1/2001, to charge him with two (2) crimes involving moral turpitude, and one (1) of firearms violation.

On 1/15/2002, the Immigration Judge denied Bond in his case upon application.

On 2/28/2002, the Immigration Judge ordered him Removed/Deported to Cambodia, and denied a cancellation of Removal.  He waived appeal rights of that decision on 2/28/2002.

**Deportation Officer:** DICKERSON          **Date of Review:**     5/22/2002

**Location Detained:**  Corrections Corporation of America, Inc..
San Diego Detention Facility
446 Alta Road
San Diego, CA., 92143

---

### Deportation/Exclusion/Removal Proceedings

**List all Charges:**   ☐     Section 237 (a) (2) , (C) of the INA
Section 237 (a) (2) (A) (II) of the INA
☐     Section 212 (a)          ,          ,
☐     Section 241          ,          ,

☒     Under <u>Final Order</u> dated **2/28/2002**  by ☒ IJ  ☐ BIA  ☐ Other

☒     Appeal Waived/Appeal Time Elapsed

**Travel Document Status/History:**

**Application was rendered to the Government of Cambodia on 4/4/2002, and is still pending in issuance.**

**The initial application was made prior to the date that the Government of Cambodia implemented the new travel document program, to begin issuing following signing of the agreement to allow for deportation of Cambodian citizens of 3/22/2002.**

**His case is one of an approximate 30-cases being processed at this time for issuance of a Passport or other removal travel document.**

**His removal is deemed to be imminent and impending at this time.**

---

## Legal Representative / Attorney

**G-28 Filed:**   ☐ Yes    ☒ No

**Notification of Interview Made:**      ☐ Yes     ☐ N/A      **by:**           **on:**

**Name of Representative / Attorney:**

**Mailing Address:**            **Telephone Number:**

**Present during interview:**           ☐ Yes      ☐ No

## Criminal History

**Outside the United States:** None determined.
(specify nature of crime, whether convicted, sentence imposed, date, and country)

**In the United States:** See below listing.

**NCIC Checks:** ☒ Criminal History Attached  ☐ No record Found
(State and Federal)

Summary of NCIC Checks: Provided in reverse order to date of conviction, as follows:

**10/16/2000: Convicted in Superior Court, San Diego, CA., under case SCD 155039, for the offense of assault with a deadly weapon, not a firearm, likely to cause great bodily injury,** a Felony, in violation of Section 245A of the California Penal Code, and for which he was sentenced to serve 364-days in County Jail, and placed under 3-years Probation.

**12/7/1999: Convicted in Superior Court, San Diego, CA., under case SCS 142279, for the offense of willfully discharging a Firearm in a Negligent Manner,** a Felony, in violation of Section 246.3 of the California Penal Code, and for which he was sentenced to serve 365 days in County Jail. (later reduced to a sentence of 364 days in County Jail)

**12/7/1999: Convicted in Superior Court, San Diego, CA., under case SCS 142279, for the offense of Vehicle Theft,** in violation of Section 18051A of the California Vehicle Code, a Felony, and for which he was then sentenced to serve 365-days in County Jail (later reduced to 364-days in Jail).

Sentence was modified in the 12/7/1999, cases on 9/18/2000.

The weapons conviction was described in the Police Report provided in his A File as being willfully shooting a semi-automatic handgun 2-4 times outside of a McDonald's Restaurant in a negligent manner, during regular hours of operation of the restaurant, while challenging occupants in the restaurant to a fight. **The offense was committed in furtherance of his activity with the "OBS 50th " criminal street gang.** His gang moniker is "Wicked".

## Institutional / Disciplinary Record

Did the detainee have prior Disciplinary Reports?  ☐ Yes  ☒ No

    If Yes, List & Describe:

    Source:

Disciplinary reports and Incidents while in INS Custody?  ☐ Yes  ☒ No

    If Yes, List & Describe:

## Specifics of Interview

Date of File Review:      5/22/2002

Date of Detainee Interview: N/A

Does the detainee have a place to live in the United States?  ☒ Yes  ☐ No

    Address:      5049 Auburn Drive
                San Diego, CA  92105

    Telephone: 619-702-2839

Is the detainee subject to any parole or probation requirements?  ☒ Yes  ☐ No

    Describe:      Remains on three (3) years Probation under case SCD 155039, on conviction of 10/16/2000.

Does the detainee have close family ties within the United States?  ☒ Yes  ☐ No

    Describe:      Mother, father & siblings at above address.

Does the detainee have any community ties or non-governmental sponsors?

                ☒ Yes  ☐ No

    Describe:      His parents offer sponsorship upon his release.  The family exists on Food stamps, AFDC, Medical and SSI payments.

**Does the detainee have any employment prospects?** ☒ Yes ☐ No

Describe: He provides that he can start to work at:

Pacific Systems Furniture
5995 Pacific Mesa CT, Suite 108
Mira Mesa, CA 92126

Telephone: Sam Bedoy, (858) 552 8812 for verification.

**What is the detainee's employment history?**

Describe: Telemarketing; Sales and furniture repair.

**What is the detainee's educational level?**

Describe: His File noted GED completed, with some college classes attended.

**Does the detainee have any vocational training?**

Describe: None denoted in A File.

---

## Medical/Psychological Concerns

**Medical/Psychological Report / Summary:** ☐ Attached ☒ None ☐ Not Available

**Date and Source:**

---

**Other documentary evidence for consideration in this review:**

He provided a hand-written letter for incorporation into his Custody Review at this time, dated 5/6/2002.

He admits culpability for his crimes, and petitions the District Director for a release from custody until such time as he is deported to Cambodia. He provided the name and contact information for return to a prior employer upon his release.

## Discussion at Interview

Notes: No interview was conducted in this case.

---

The INS detainee was found ☐ **CREDIBLE**     ☐ **NOT CREDIBLE**

**Explain:**

Credibility was not assessed.

---

## Officer Comments/Analysis & Recommendation

This case involves a citizen of Cambodia, with a Final Order date of 2/28/2002. The normal Removal Period is 90-days from the date of Final Order. He will achieve that date on 5/28/2002.

The Government of Cambodia on 3/22/2002, signed an agreement with the Government of the United States to allow deportation of criminal aliens to Cambodia. The Government of Cambodia instituted a program to begin issuing travel or other documents to allow for repatriation of Cambodian citizens on about 4/20/2002, and are at this time reviewing the travel document applications for those citizens who are currently in custody of the INS.

In accord with Rules an Regulations as published on 12/21/2000, and on 11/14/2001, a period of 180-days was noted to be a reasonable period in which to seek to obtain a travel document, after which each case would be assessed on it's merits for consideration as to whether or not a travel document could be anticipated to be issued within the reasonably foreseeable future.

In this case, there is cause to believe that such a document will be issued within the six-month (180-day) "reasonable period" as provided by Rules and Regulations.

HANG has a substantial criminal history, which involves shooting a firearm at persons while participating in Gang related activities, and for two Felony theft's of personal property.

He has served approximately ½ of the sentence imposed in his criminal cases to date.

His parents are supported by one child, his sister, and would not be able to provide substantial monies for his support upon his release.

In mitigation, he provided that he feels remorse for his criminal actions, and believes that he has rehabilitated himself during his periods of incarceration. He claims that he no longer associates with the members of the criminal street Gang he was a member of.

He provided that he has employment waiting upon his release, and states a desire to go to school and to become a productive member of his community if released.

He has not engaged in any civil uprising or assaults while incarcerated with the County authorities or with INS to date.

His criminal history does not appear to be ascending with regard to degree of seriousness or in nature, with regard of physical violence.

He appears to have strong family support for his release from custody in the even that no travel document is forthcoming from the Government of Cambodia.

In review of this A File, factors as noted in 8 C.F.R. Section 241.4(e) and (f) were assessed, at a minimum.

His application for travel documents is at this time under consideration by the Consul General of Cambodia, and has been referred to Headquarter INS OPS/Travel Document Unit for tracking and assistance.

I recommend that he be continued in custody during the interim that a travel document application is pending. It is at this time perceived to be imminent and impending in issuance to allow for his removal to Cambodia.


File Review Officer                                    Date:

Reviewed by:                                           Date:

# DISTRICT DIRECTOR'S CUSTODY DETERMINATION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

       Bond Amount: _____

☑    CONTINUE IN CUSTODY / SCHEDULE FOR REVIEW IN SIX MONTHS

Comments (attach additional sheet(s) if necessary):


INS District Office: _____ San Diego, CA _____

Signature of District Director: _____ Date _____

(Final 12/21/2000)



U.S. Department Justice
Immigration and Naturalization Service

## ORIGINAL

HQPDU
*Washington, DC 20536*

A27 747 367

Sophea HANG
C/o CCA
446 Alta Rd. #5400
P.O. Box 439049
San Diego, CA. 92143

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Naturalization Service (INS) at this time. This decision has been made based on a review of your file and/or your personal interview and any consideration of the information submitted to INS' reviewing officials in support of your application for release.

You are a citizen of Cambodia. You were admitted to the United States as a refugee on Dec. 18, 1985 and subsequently adjusted your status to that of a lawful permanent resident. You have been convicted of assault with a deadly weapon, discharging a firearm in a negligent manner and vehicle theft. In Feb. 2002, you were ordered removed from the country and no appeal was filed in your case.

Title 8 CFR 241.4(e) enumerates the criteria for the release of an alien after having received a final order of removal. Among the criteria listed are: that travel documents are not available; presently non-violent; likely to remain non-violent; the person does not pose a threat and do not pose a flight risk.

Removals of Cambodian citizens have resumed with increasing frequency. There is a strong possibility that a travel document will be available for your removal in the reasonably foreseeable future. Your criminal record is violent in nature and there is nothing in your file that shows that you would remain non-violent and not pose a threat to the community.

The INS will conduct another review of your custody status within one year of the date of this notice. It is in your best interest to maintain proper behavior while awaiting this review. If you have any questions please contact your case officer.

You may submit evidence to the contrary. You may send this evidence to the Headquarters Post Order Unit (HQPDU), 801 I St, NW, Washington, DC 20536, Room 800.

_____
Signature of HQPDU Director/Designated Representative

AUG 3 2002
_____
Date

## PROOF OF SERVICE

**(1)   Personal Service (Officer to complete both (a) and (b) below.)**

(a)   I _Glen Bed_ _____ , _Deportation Officer_ ,
          Name of INS Officer                              Title

certify that I served _Sophea Hang_ _____ with a copy of
                                    Name of detainee

this document at _C-C-A_ _____ on _8/13/02_ , at _1330_ .
                  Institution                    Date              Time

(b)   I certify that I served the custodian _____ ,
                                                          Name of Official

_____ , at _____ , on
          Title                              Institution

_____ with a copy of this document.
          Date

**OR**

**(2)   Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____ , _____ , certify
          Name of INS Officer                         Title

that I served _____ and the custodian _____
                    Name of detainee                              Name of Official

with a copy of this document by certified mail at _____ on _____
                                                          Institution              Date

( ) cc:  Attorney of Record or Designated Representative
( ) cc:  A-File