USDC SCAN INDEX SHEET










KAJ   2/5/03    10:12
3:02-CV-01978   HANG V. ASHCROFT
*12*
*M.*

```
 1  JASON I. SER
    California Bar. No. 201816
 2  FEDERAL DEFENDERS OF SAN DIEGO, INC.
    225 Broadway, Suite 900
 3  San Diego, California 92101-5008
    (619) 234-8467
 4
    Attorneys for Petitioner
 5
```

ORIGINAL

FILED
03 FEB -4 PM 3: 17
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. NAPOLEON A. JONES, JR.)

| | |
|---|---|
| SOPHEA HANG,<br>[A27-747-367],<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, AND ADELE FASANO, INS DISTRICT DIRECTOR FOR THE SAN DIEGO DISTRICT,<br><br>Respondents. | Case No. 02-cv-1978-J (AJB)<br><br>EX PARTE MOTION FOR RELIEF FROM JUDGMENT<br><br>[Fed. R. Civ. P. 60(b)(2),(5),(6)] |

I.

INTRODUCTION

Pursuant to Fed. R. Civ. P. 60(b)(2), 60(b)(5) and 60(b)(6), Petitioner respectfully moves the Court to alter or amend the judgment entered in this case on December 12, 2002, or for relief from the judgment.[1] See December 12, 2002 Order Denying Petition for Writ of Habeas Corpus ("December 12, 2002 Order"). Petitioner remains in custody of the Immigration and Naturalization Service ("INS"), despite Respondents' protestations that removal is significantly likely in the reasonably foreseeable future given the Memorandum of Understanding regarding repatriation of Cambodian nationals signed by the governments of the United States and Cambodia in March 2002. Furthermore, Respondents have failed to provide this Court with an

---

[1] Petitioner files the instant motion ex parte to secure a prompt resolution with respect to the lawfulness of his continuing and lengthy detention beyond the removal period.

update of the issuance of a travel document within 45 days of that December 12, 2002 judgment as ordered by the Court in the December 12, 2002 Order.

## II.

## FACTUAL BACKGROUND

The factual background regarding Petitioner's detention by the Immigration and Naturalization Service ("INS") is set forth in the pleadings already filed with this Court. To save this Court's valuable time and resources, Petitioner incorporates by reference the factual presentation in his Traverse. Petitioner, however, will briefly set forth events that have occurred subsequent to the filing of that document and which give rise to the instant application.

On December 12, 2002, this Court issued a decision on the merits of Petitioner's habeas proceedings. See December 12, 2002 Order. The Court denied the petition. Id., slip op. at 6. The denial, however, was without prejudice with the petition "subject to renewal if the Government of Cambodia fails to respond or denies repatriation." Id. The order specifically concluded as follows:

> For the reasons set forth above, the Court DENIES without prejudice the petition for writ of habeas corpus subject to renewal if the Government of Cambodia fails to respond or denies repatriation. Respondents should provide the Court with an update of the issuance of the travel document within 45 days of the date this order is filed. If the Government of Cambodia has not responded or denied issuance of the travel documents, petitioner may renew his petition for writ of habeas corpus.

Id., slip op. at 5.

The government of Cambodia apparently has not responded to the INS's request for the travel document in Petitioner's case since the filing of the December 12, 2002 Order. This is evidenced by Petitioner's continued detention by the INS in the Southern District of California. Neither Petitioner nor counsel for Petitioner have been informed that the government of Cambodia has responded to the INS's request for a travel document in Petitioner's case.

Furthermore, Respondents have failed to file an update regarding the issuance of the travel document in Petitioner's case by the government of Cambodia despite passage of 45 days since filing of the December 12, 2002 Order.

//

# III.

## THE COURT SHOULD GRANT PETITIONER RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b) AND GRANT A WRIT OF HABEAS CORPUS.

"Rule 60(b) allows a party to obtain relief from a final judgment despite a failure to comply with the time requirements of rule 59 where the party shows any of the following: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Fed. R. Civ. P. 60(b)." See McConnell v. MEBA Medical and Benefits Plan, 778 F.2d 521, 526 (9th Cir. 1985). The circumstances of the instant case warrant relief under the second, fifth and sixth grounds for the reasons set forth below.

Rule 60(b)(2) states that the court may relieve a party from a final judgment, order, or proceeding based on: "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." See Fed. R. Civ. P. 60(b)(2). Petitioner submits that his additional time in INS detention since the filing of the December 12, 2002 Order and the government of Cambodia's apparent and continuing failure to respond to the INS's request for a travel document constitute newly discovered evidence as contemplated by the federal rules and militate for relief from judgment. Characterizing Petitioner's additional time in INS detention since filing of the December 12, 2002 Order as newly discovered evidence also is consistent with the Supreme Court's holding in Zadvydas v. Davis. In the course of its opinion, the Supreme Court stated that "for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." See Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (emphasis added). Thus, the length of a petitioner's detention is a touchstone of a habeas court's analysis of the likelihood of removal. Implicit in the Court's statement is that the habeas court's analysis must change accordingly as the length of post-removal detention grows. Thus, the additional time spent by Petitioner in detention after the filing of the December 12, 2002 Order accumulates in favor of Petitioner and must affect this Court's previous analysis of the likelihood of his removal from the United States.[2]

---

[2] This Court noted that "the Court in Zadvydas contemplated that each case be considered independently to determine whether there is a significant likelihood of removal in the reasonably foreseeable future of petitioner and not all Cambodian nationals. See Zadvydas, 533 U.S. at 699-700 ('habeas court must ask whether the detention in

Rule 60(b)(5) provides for relief from judgment where "it is no longer equitable that the judgment should prospective application." See Fed. R. Civ. P. 60(b)(5). Petitioner submits that Respondents' failure to provide this Court with an update of the issuance of the travel document in his case makes the continuing denial of habeas relief inequitable. As stated, the additional 45 days of detention must be viewed favorably only for Petitioner because the "reasonably foreseeable future," during which time the INS must effectuate removal, becomes shorter and shorter as his detention continues to exceed the 180-day removal period. This pronouncement in Zadvydas forces Respondents to prove that Petitioner's repatriation is closer to realization now than it was 45 days ago. Respondents' failure to file an update means that no such evidence is currently before the Court. Respondents should not benefit from their failure to provide this Court with updated evidence that Petitioner's repatriation remains "significantly likely" in the reasonably foreseeable future. Accordingly, the Court should grant Petitioner relief from judgment pursuant to Rule 60(b)(5) given the prospective application of the Court's December 12, 2002, which allows Respondents to continue to detain Petitioner despite the lack of a response from the government of Cambodia.

Rule 60(b)(6) "does not particularize the factors that justify relief, but we have previously noted that it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" See United States v. State of Washington, 98 F.3d 1159, 1163 (9th Cir. 1996) (quoting Klapprott v. United States, 335 U.S. 601, 614-15 (1949)). Admittedly, the Ninth Circuit recognizes admonishments by the Supreme Court that Rule 60(b)(6) should be used "sparingly as an equitable remedy to prevent manifest injustice." See United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.), cert. denied, 510 U.S. 813 (1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id.

Relief pursuant to Rule 60(b)(6) is warranted in this case for several reasons. First, the Court denied the petition without prejudice and expressly authorized Petitioner to renew it in the event that the government of Cambodia failed to respond to Respondents travel document request. As noted above, neither Petitioner nor counsel for Petitioner have been appraised by Respondents of any change in the INS's travel document

---

question exceeds a period reasonably necessary to secure removal.')." See December 12, 2002 Order, slip op. at 4 (emphasis in original). The Court also noted that the Memorandum between the United States and Cambodian governments regarding repatriation also considers repatriation requests on a "case-by-case basis." Id. at 2. Accordingly, the INS's ability to obtain travel documents for other Cambodian nationals is not dispositive of the INS's ability to do so in the instant case.

request with the government of Cambodia. This Court, too, is without evidence that the government of Cambodia responded to the INS's request for the travel document in Petitioner's case. Thus, Petitioner is seizing the opportunity generously afforded by this Court to renew his Petition for Writ of Habeas Corpus.

Second, the Court's order requiring Respondents to file updated briefing within 45 days of the date that order was filed precluded Petitioner from seeking alteration or amendment of the order denying the petition pursuant to Fed. R. Civ. P. 59(e). Thus, Petitioner was prevented from taking timely action to prevent or correct an erroneous judgment.

Finally, Petitioner cannot obtain adequate review on appeal. This Court apparently was concerned with Respondents' abilities to effectuate Petitioner's removal as evidenced by the requirement that they file an update within 45 days from the filing of the December 12, 2002 Order. Petitioner can only assume that the update would somehow have affected the December 12, 2002 Order in light of the discussion of Zadvydas above. Absent such briefing, though, this Court has no reason to issue an amended order, from which Petitioner could then appeal.

Thus, for these reasons, the Court's December 12, 2002 Order denying the petition, but requiring an update from Respondents regarding the issuance of the travel document in Petitioner's case, constitutes a highly unusual circumstance and warrants relief from judgment. In light of Petitioner's growing post-removal confinement, it would be manifestly unjust to permit Respondents to benefit from their failure to provide this Court with an update regarding the status of the travel document by continuing to claim that Petitioner's repatriation remains "significantly likely" in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 701.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant relief from the December 12, 2002 judgment pursuant to Fed. R. Civ. P. 60(b)(2), 60(b)(5) and 60(b)(6) and grant the writ.

Respectfully submitted,

Dated: February 4, 2003

JASON I. SER
Attorney
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101
Telephone: (619)234-8467
Attorneys for Petitioner

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANG,<br><br>        Petitioner,<br><br>v.<br><br>IMMIGRATION AND NATURALIZATION SERVICE, et. al.,<br><br>        Respondents. | Case No. 02-cv-1978-J<br><br>PROOF OF SERVICE |

I, the undersigned, say:

1) That I am over eighteen years of age, a resident of the County of San Diego, State of California, and not a party in the within action;

2) That my business address is 225 Broadway, Suite 900, San Diego, California, 92101;

3) That I served the within **EX PARTE MOTION FOR RELIEF FROM JUDGMENT** by placing a true copy of the above-mentioned document in the United States mail on February 4, 2003, to:

    Samuel Bettwy/Robert Plaxico
    Assistant U.S. Attorneys
    880 Front Street Room 6293
    San Diego, CA 92101-8893

I certify under the laws of the State of California that the foregoing is true and correct. Executed on 4 February 2003 at San Diego, California.

                                            _/s/ Sylvia Freeman_
                                            SYLVIA FREEMAN