USDC SCAN INDEX SHEET










KAJ   2/25/03   10:16
3:02-CV-01978   HANG V. ASHCROFT
*15*
*TRAV.*

```
JASON I. SER
California Bar. No. 201816
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
(619) 234-8467

Attorneys for Petitioner
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. NAPOLEON A. JONES, JR.)

| | |
|---|---|
| SOPHEA HANG, [A27-747-367], | Case No. 02-cv-1978-J (AJB) |
| Petitioner, | |
| v. | PETITIONER'S SECOND TRAVERSE |
| UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, AND ADELE FASANO, INS DISTRICT DIRECTOR FOR THE SAN DIEGO DISTRICT, | |
| Respondents. | |

Respondents have filed their Second Return with this Court renewing their request for a denial of the instant petition. Respondents argued that "the process of repatriation is functioning and [] there is evidence that Petitioners in particular have been rejected by the Cambodian government."[1] See Government's Second Return ("Second Return") at 3-4.

In support of their argument, Respondents relied upon their February 5, 2003 Report to the Court, which contained a declaration by an INS official attesting to the ongoing nature of the repatriation process. See February 5, 2003 Report to the Court. According to that declaration, dated February 4, 2003, additional groups of Cambodian nationals have been returned to Cambodia since the Court's December 12, 2002 Order in the instant case. See February 4, 2003 Declaration of Vincent E. Archibeque at ¶ 5. Respondents' position

---

[1] Petitioner assumes that Respondents' statement regarding the Cambodian government's rejection of a travel document for Petitioner "in particular" is a typographical error. Such a statement surely devastates Respondents' position that the petition should be denied.

that the repatriation other Cambodian nationals warrants denial of the instant writ fails.

As this Court pointed out in its December 12, 2002 Order, the Supreme Court in <u>Zadvydas</u> contemplated that each case of indefinite detention challenged be considered independently by a habeas court to determine whether there is a significant likelihood of removal in the reasonably foreseeable future of Petitioner and not all Cambodian nationals. The "habeas court must ask whether the detention <u>in question</u> exceeds a period reasonably necessary to secure removal." See <u>Zadvydas</u>, 533 U.S. at 699-700 (emphasis added). Applying such scrutiny to the instant proceedings, it is significant that the government of Cambodia still has not issued a travel document and, according to the February 4, 2003 Declaration of Vincent E. Archibeque, has not indicated that it intends to do so in Petitioner's case in particular.[2] Point in fact, the declaration does not provide a specific time or date when the INS expects the government of Cambodia to issue a travel document. Accordingly, based upon the dearth of evidence that a travel document is significantly likely in Petitioner's case in particular and the passage of more than two months since the denial of the writ and the lack of repatriation, the Court should conclude that Respondents failed to provide evidence that a significant likelihood of removal exists in the reasonably foreseeable future.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant relief from the December 12, 2002 judgment pursuant to Fed. R. Civ. P. 60(b)(2), 60(b)(5) and 60(b)(6) and grant the writ.

Respectfully submitted,

Dated: February 24, 2003

JASON I. SER
Attorney
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101
Telephone: (619)234-8467
Attorneys for Petitioner

---

[2] The declarant stated that "I am confident that [Petitioner] will be repatriated in the foreseeable future." See February 4, 2003 Declaration of Vincent E. Archibeque at ¶ 6. Thus, the declarant expressed only his personal belief and not any representation by the government of Cambodia.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HANG, ) Case No. 02-cv-1978-J
)
      Petitioner, )
)
v. ) PROOF OF SERVICE
)
IMMIGRATION AND NATURALIZATION )
SERVICE, et. al., )
)
      Respondents. )
)

I, the undersigned, say:

1) That I am over eighteen years of age, a resident of the County of San Diego, State of California, and not a party in the within action;

2) That my business address is 225 Broadway, Suite 900, San Diego, California, 92101;

3) That I served the within **PETITIONER'S SECOND TRAVERSE** by placing a true copy of the above-mentioned document in the United States mail on February 24, 2003, to:

    Samuel Bettwy/Robert Plaxico
    Assistant U.S. Attorneys
    880 Front Street Room 6293
    San Diego, CA 92101-8893

I certify under the laws of the State of California that the foregoing is true and correct. Executed on 24 February 2003 at San Diego, California.

_____
MARIA KUBCZAK