USDC SCAN INDEX SHEET










KAJ    3/18/03    9:47
3:02-CV-01978    HANG V. ASHCROFT
*21*
*P/A.*

| | |
|---|---|
| 1  CAROL C. LAM<br>United States Attorney<br>2  ROBERT H. PLAXICO<br>Assistant U.S. Attorney<br>3  California State Bar. No. 054953<br>Office of the U.S. Attorney<br>4  880 Front Street, Room 6293<br>San Diego, California 92101-8893<br>5  Telephone: (619) 557-7157<br>6  ROBERT D. MCCALLUM, JR.<br>Assistant Attorney General<br>7  RICHARD M. EVANS<br>Assistant Director<br>8  DAVID E. DAUENHEIMER<br>Attorney<br>9  Office of Immigration Litigation<br>United States Justice Department<br>10  P.O. Box 878, Ben Franklin Station<br>Washington, D.C. 20044<br>11  Telephone: (202) 353-9180<br>12  Attorneys for Respondents | **ORIGINAL**<br><br>FILED<br>03 MAR 17 PM 3:28<br>CLERK, U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA<br>BY: _____ DEPUTY |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KININE KIM,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN ASHCROFT, Attorney General;<br>IMMIGRATION AND NATURALIZATION<br>SERVICE; et al.,<br><br>    Respondents. | Case No. 02cv1524-J(LAB) |
| SOPHEA HANG,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN ASHCROFT, Attorney General;<br>IMMIGRATION AND NATURALIZATION<br>SERVICE; et al.,<br><br>    Respondents. | Case No. 02cv1978-J(AJB)<br><br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>RESPONDENTS' MOTION TO<br>AMEND OR ALTER JUDGMENT<br>UNDER RULE 59(a), (e)<br><br>DATE: May 12, 2003<br>TIME: 10:30 a.m.<br>CTRM: 12 |

# I

## INTRODUCTION

On March 3, 2003, this Court issued two decisions granting Petitioners' Writs of Habeas Corpus and ordered the release of the Petitioners. In both cases, in reaching these decisions, the Court found that the "Respondent has not made a sufficiently strong showing that Petitioner's repatriation is likely in the foreseeable future given that Petitioner has been in INS custody since November 19, 2001 and that his order of removal has been final since January 17, 2002." Orders, dated March, 3, 2003, at 2. In making this finding, we respectfully suggest the Court has applied an incorrect standard of law and shifted the burden of proof to the Respondent. Because a different application of the burden in this case would result in a conclusion opposite to that of the Court in it's prior decisions, Respondent respectfully requests this Court alter its judgment, and find that the Petitioners have failed to show good reason why there is no significant likelihood of removal in the reasonably foreseeable future.

# II

## DISCUSSION

This Court initially denied Petitioner Kim's Petition for Writ of Habeas Corpus on December 6, 2002. In denying the petition the Court correctly noted that:

> In this case, the repatriation process has been proceeding. Unlike in Ma, there is now an agreement between the United States and Cambodia regarding repatriation signed on March 22, 2002. The INS has been able to carry out removal of Cambodian nationals since the Memorandum has been signed.... The Cambodian government has not stated that it will not issue a travel document to Petitioner. Petitioner's application for travel documents was not rejected and the Cambodian government has proceeded to process his application.

> Petitioner had an interview in early October which is the last step before the Cambodian government issues travel documents.... Petitioner is now awaiting a decision regarding whether he will be issued travel documents.
> Accordingly, based on the above, the Court concludes that Petitioner has not shown good reason why there is no significant likelihood of removal in the reasonably foreseeable future.

Order dated December 6, 2002, at 5 (citations omitted). See also December 12, 2002 Hang Order at 4-5. In making this decision the Court correctly applied the holding of the Supreme Court's case in Zadvydas v. Davis, 533 U.S. 678 (2001), and placed the burden upon the Petitioner to show good reason why there was no significant likelihood of removal.

However, in its decisions of March 3, 2003, the Court effectively reversed the burden of proof and found that the "Respondent has not made a sufficiently strong showing that Petitioner's repatriation is likely in the foreseeable future given that Petitioner has been in INS custody since November 19, 2001 and that his order of removal has been final since January 17, 2002." Kim Order, dated March, 3, 2003, at 2. See also Hang Order, dated March 3, 2003, at 2. In doing so, it is respectfully submitted that, the Court misapplied the Supreme Court's holding and incorrectly ordered the release of Petitioner.

The Supreme Court in Zadvydas construed the provisions of the INA authorizing detention of aliens ordered removed to contain an implicit "reasonable time" limitation, the application of which is subject to federal-court review. Zadvydas, 533 U.S. at 682. The Supreme Court then, for the sake of uniform administration in the federal courts, created a six-month period in which continued detention is presumed to be reasonable. Id. at 701. The Supreme

Court cautioned that "[t]his 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Thus, the passage of time alone is not sufficient to require the release of an alien detainee. Instead, the burden remains with the alien to prove that his removal is not significantly likely in the foreseeable future. Xi v. INS, 298 F.3d 832, 839-40 (9th Cir. 2002)(Noting that the alien has the burden to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future); see also Lema v. INS, 214 F. Supp. 2d 1116, 1118 (W.D. Wash. 2002)(Finding Petitioner has provided no reason to believe that travel documents will not issue in the foreseeable future, and that petitioner's deportation remains reasonably foreseeable even though it may not happen quickly).

Just as was the case when this Court initially denied the Petitions for Writ of Habeas Corpus, the process of removing aliens to Cambodia is clearly ongoing. Petitioners have been interviewed by the Cambodian government and only await receipt of travel documents prior to their removal. Petitioners have not produced any evidence that the Cambodian government does not intend to issue travel documents or any reason why removal is not significantly likely in the reasonable foreseeable future. As explained by Mr. Vincent Archibeque, Detention and Deportation Officer, Bureau of Immigration and Customs Enforcement (BICE formerly INS), in the attached declaration, the BICE has continued to remove aliens to Cambodia on a regular basis under the recently signed repatriation

agreement, and expects Petitioner to be removed in the reasonably foreseeable future pursuant to this predictable and consistent process. Declaration of Vincent E. Archibeque, Attached at Tab A.

## III

## CONCLUSION

For the reasons set forth above, respondents respectfully in these two cases request that this Court alter or amend its March 3, 2003 Orders, find Petitioners' continued detention lawful because there is a significant likelihood that petitioners' repatriation to Cambodia is to occur in the reasonably foreseeable future, and deny Petitioners' petition for writ of habeas corpus.

DATED: March 17, 2003.

CAROL C. LAM
United States Attorney

ROBERT H. PLAXICO
Assistant U.S. Attorney


ROBERT D. McCALLUM, JR.
Assistant Attorney General
RICHARD M. EVANS
Assistant Director

DAVID E. DAUENHEIMER
Attorney
Office of Immigration Litigation
U.S. Department of Justice
Civil Division
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044

Attorneys for Respondents

CAROL C. LAM
United States Attorney
ROBERT H. PLAXICO
Assistant U.S. Attorney
California State Bar. No. 054953
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7157

ROBERT D. MCCALLUM, JR.
Assistant Attorney General
RICHARD M. EVANS
Assistant Director
DAVID E. DAUENHEIMER
Attorney
Office of Immigration Litigation
United States Justice Department
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9180

Attorneys for Respondent

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KININE KIM,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN ASHCROFT, Attorney General<br>Immigration and Naturalization<br>Service, et al.,<br><br>    Respondent.<br><br>SOPHEA HANG,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN ASHCROFT, Attorney General<br>Immigration and Naturalization<br>Service, et al.,<br><br>    Respondent | No. 02-CV-1524-J (NLS)<br><br>DECLARATION OF<br>VINCENT E. ARCHIBEQUE |

    **Vincent E. Archibeque, states and declares as follows:**

    1. I am an employee of the Department of Homeland Security,

1

**TAB A**

Bureau of Immigration and Customs Enforcement (BICE). I currently serve in the capacity as a Detention and Deportation Officer, Office of Detention and Removal Operations at BICE Headquarters in Washington D.C.

2. In my official capacity I am familiar with the ongoing efforts of the United States Government to repatriate nationals of Cambodia.

3. This declaration is intended to update my prior declarations filed in the two above captioned district court cases regarding the removability of the two named Cambodian nationals, Sophea Hang (A27-747-367) and Kinine Kim (A25-289-140).

4. Since the time of my last declaration, on February, 2003, one additional group of Cambodians has been repatriated to Cambodia. The total number of Cambodians repatriated is now fifty-six.

5. Our repatriation agreement with Cambodia requires that the number of nationals returned be controlled and not overly burdensome. Our practice has been to return approximately ten individuals per month. The Cambodian Government has been cooperative in issuing travel documents and we have consistently been removing approximately ten Cambodian nationals per month for the past five months.

6. There is another flight to return an additional group scheduled for the end of the month of March or the first week of April.

7. We initially requested a total of eighty-one travel documents from the Cambodian Government. We have received a

total of fifty-eight thus far. We expect to receive a additional issuance of travel documents from the Cambodian Government in time for the next scheduled flight.

8. Given the Cambodian Government's consistent cooperation over the past five months, and the established practic of returning approximately ten Cambodian nationals per mo th, we expect that the entire group of Cambodian nationals wh were interviewed in October of 2002 will be repatriated wit in the next five months.

I declare that the foregoing is true and correct o the best of my knowledge under penalty of perjury.

Executed this 17th day of March, 2003, at Washing on, D.C.

*[signature]*
Vincent E. Arcibeque